

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00057-CV

LARRY LEE DAVIS, Appellant

V.

MLSC HOLDINGS, L.P., D/B/A MAC CHURCHILL AUTO MALL, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-285843-16

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Pro se appellant Larry Lee Davis filed a timely notice of appeal on April 3, 2017.[1] The clerk's record was filed on April 11, 2017. The original deadline for Davis' appellate brief was June 19, 2017. When neither a brief nor a motion to extend time for filing same was received by June 19, 2017, this Court advised Davis by letter dated July 5, 2017, that the brief was late. We further extended the deadline for filing the brief to July 20, 2017. We warned Davis that failure to file the brief by July 20, 2017, would subject this appeal to dismissal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

On July 20, 2017, we received a document that we construed as Davis' brief. That same day, we sent Davis a letter explaining that, for numerous reasons, the document we received was inadequate to serve as a brief because it did not meet the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. In our letter, we provided Davis with a detailed explanation of why the document he provided to this Court failed to comply with Rule 38.1. We informed Davis that if he did not file a brief that complied with Rule 38.1 by August 21, 2017, we could dismiss the appeal.

On August 21, 2017, Davis provided this Court with a second document that we construed as a revised brief. That document also failed to comply with the requirements of Rule 38.1. Consequently, on August 24, 2017, we sent Davis a letter informing him that the revised brief, like the first brief he submitted, was inadequate to serve as a brief because it failed to meet the

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

requirements of Rule 38.1, subsections (g) and (i), of the Texas Rules of Appellate Procedure. We once again provided Davis with the opportunity to cure the deficiencies in his brief and informed Davis that if he did not file a compliant brief by September 25, 2017, we would either (1) dismiss the appeal, (2) provide further direction, or (3) treat the opposing party's brief as correctly presenting the case and affirm upon that brief without examining the record. *See* TEX. R. APP. P. 38.8(a).

We have received no responsive communication from Davis and have not received a revised appellate brief in response to our August 24, 2017, letter. Having received no response to this Court's letter of August 24, 2017, Davis' appeal is ripe for dismissal.[2] Consequently, pursuant to Rules 38.8 and 42.3 of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. *See also Surani v. Trinity River Vision Auth.*, No. 02-12-00243-CV, 2013 WL 257385, at *1 (Tex. App.—Fort Worth, Jan. 24, 2013, pet. denied) (mem. op.) (per curiam); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 02-07-00313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) (per curiam) (explaining that all parties appearing in Texas appellate courts must follow the Texas Rules of Appellate Procedure).

Bailey C. Moseley
Justice

Date Submitted:    October 30, 2017
Date Decided:    October 31, 2017

---

[2]Having provided Davis with ample opportunity to file a proper brief in this matter, we are disinclined to provide Davis with further direction on how to file a brief that complies with Rule 38.1 of the Texas Rules of Appellate Procedure. Moreover, we do not have the opposing party's brief and, therefore, cannot affirm upon that brief without examining the record. *See* TEX. R. APP. P. 38.8(a).

3